Ebenezer Dwinells, Appellee,
*against*
James Aikin, Appellant.

ACTION for slanderous words.

For saying, with the usual allegations and innuendoes, " *Ebenezer Dwinells* is a perjured rascal : he has taken a false oath, and I can prove it."

General issue pleaded, and notice under the statute, that the defendant would give the truth of the words in justification, to wit, that the plaintiff, in the trial of a certain cause before a Justice's Court, appeared as a witness, and testified falsely.

The plaintiff proved the words to have been spoken, and rested.

The defendant's counsel now offered to show the sessions and proceedings of the Justice's Court by *parol* testimony.

In an action of defamation for saying, "The plaintiff is a perjured rascal, and has taken a false oath, and I can prove it," this being a direct charge of perjury, the defendant giving notice under the general issue, that he shall give the truth of the words spoken in justification, is held by the Court to the same proof as would sustain an indictment for perjury.

Dwinells
v.
Aikin.

Objected, That the Justice's Court is a Court of Record, and parol testimony of its session and proceedings is not the highest evidence the nature of the case requires.

Defendant's counsel. We do not consider ourselves held to the same strictness of proof in giving the truth of the words spoken in defence, as is required upon an indictment for perjury.

*Curia.* The defendant has not merely charged the plaintiff with false swearing, but he has charged him directly with *perjury*, and has explained his meaning in his notice under the general issue, to wit, in testifying falsely in a certain cause before a Justice's Court. If he would show the truth of the words spoken in justification, he must show the plaintiff to have been guilty of perjury in the technical sense of the term. He must show all that is necessary to be shown to support an indictment for perjury, to wit, that there was a Court of competent jurisdiction, a cause within that jurisdiction, an issue joined and tried, an oath administered by proper authority, and that the plaintiff appeared at such Court, and knowingly and wilfully testified falsely to a point material to the cause in issue. If the Court before whom the cause was tried is a Court of Record, which this Justice's Court is,* the record of its sessions and proceedings must be produced.

---

*Laws of New-York,* Greenleaf's edit. vol. 1. p. 445.

* The Justice's Court was holden within the State of *New-York.* It appeared that the Legislature of that State, on the 17th of *April,* 1787, gave civil jurisdiction to Justices of the Peace. By the act for the more speedy recovery of debts to

'The record was after some delay produced.

Verdict for the plaintiff, 46 dollars.

It appeared by the record of the certified copies of the case, that in the County Court, *Dwinells*, the plaintiff, had, by verdict of the Jury, recovered *five dollars damages, and that no costs had been taxed.*

*Noah Smith*, for the defendant, insisted, that no more than five dollars costs could be legally taxed in the County Court. He relied on the 97th section of the judiciary act, " that in all actions of the case for slanderous words, if the damages found and assessed by the Jury do not surmount the sum of seven dollars, the Court shall allow no greater costs than damages," and insisted, that this statute was binding upon every Court, distinctly and independently of every other jurisdiction ; that there being a verdict found for the plaintiff under seven dollars in the County Court, costs should have been there taxed

*Vermont* Stat. vol. 1. p. 95. c. vi. s. 97.

---

the value of ten pounds, first section, " Be it enacted, That from and after the first day of *June* next, all actions of debt, detinue, account, covenant, trespass, and trespass on the case, wherein the sum or balance due, or thing demanded, shall not exceed ten pounds current money of this State, shall be, and hereby are made cognisable before any Justice of the Peace, of any City or County of this State ; and every Justice shall be, and hereby is respectively authorized and empowered to hear, try, and determine all such causes and actions according to law and equity, and shall and may hold a Court for the trial thereof, and is hereby vested with all such power and authority for the purpose aforesaid, as is usual in *Courts of Record* in this State, and shall sign all process to be issued out of such Court."

Dwinells
v.
Aikin.

under seven dollars; and when the case came by appeal to this Court, if the verdict had been for damages under seven dollars, then no greater costs than damages in this Court. But the Courts being thus made by the statute independent of each other in this particular, when damages have been found in the County Court for five dollars, and the same amount of costs taxed there; and on appeal, damages are assessed by the Jury in this Court at 46 dollars, the *full costs* accruing only in this Court can be legally taxed.

In an action for defamatory words, if the plaintiff in the County Court recover under seven dollars, and on appeal recover above seven dollars damages, he shall tax full costs in both Courts.

*Sed per Curiam.* The construction given by the defendant's counsel to the statute cannot be correct. The Legislature, with a view to put a salutary check upon actions of the case for slanderous words, where the injury sustained is trifling, have provided, that when the plaintiff in such actions shall recover by verdict of the Jury any sum under seven dollars, he shall be allowed no greater costs than damages; but they did not look to the primary or intermediate, but to the final judgment; and in the proviso to the section read, it is provided, that if the defendant appeal from such judgment, or review the cause, and final judgment shall be rendered for the appellee or reviewee, he shall recover full costs. The plain import of the statute is, that if the plaintiff recover by the first verdict under seven dollars, he shall have no greater costs than damages. The plaintiff is here punished for his presumption, and the defendant has the benefit of the security given him by the statute against responding a large sum in costs for a trivial injury done by him; and here he has his election to discharge this small judgment, or proceed further

Dwinells
v.
Aikin.

with the cause. But if he will himself appeal or review the cause, and expose himself to further costs upon a trivial suit, and the event should be, that on the review or appeal, the plaintiff should recover a larger sum than seven dollars, he shall respond the full costs from the commencement of the suit; and he who of his own act has thus extended a suit has no right to complain.

To construe the statute to intend that the costs in the ratio prescribed must follow each verdict in each Court, would be to defeat its intent. The plaintiff is taught by the statute to be wary of instituting a suit of this nature for a trifling injury. The defendant is warned not to extend it. To oblige the plaintiff. to tax his costs as commensurate with his damages on the first judgment, when the defendant impelled him to a second trial by appeal or review, and on which he proves to the satisfaction of the Court and Jury, that the injury he complained of was not trifling, would be to apply the reprehension of the statute to the unoffending party.

The statute also contemplates but one bill of costs. If the damage found or assessed by the Jury do not surmount the sum of seven dollars, the Court shall allow no greater costs than damages. The Court have always construed this to apply to the final verdict and judgment, and therefore all the costs taxed in such cases have been reduced to the damages then assessed, without any regard to such costs as were or might have been taxed at the lower Court, or upon a first trial in this Court; and to construe the statute otherwise would be in case wherein the plaintiff had two verdicts of five dollars damages each, to fine him the final verdict or

*When, in an action for slanderous words, a verdict is found or judgment rendered in the County Court for the plaintiff, for a sum which does not surmount seven dollars, on a review or appeal entered, the County Court should not tax the costs until the ratio of taxation be found, which cannot be known until judgment.*

*ten dollars* costs, which certainly would be in the face of the statute.

When in an action for slanderous words, a verdict is found and judgment rendered in the County Court for the plaintiff, for a sum which does not surmount seven dollars, the County Court, as in the present case, are correct in not taxing the costs until the ratio of taxation be found, which cannot be known until the final verdict and judgment.

The Court therefore consider, that in this case the plaintiff may tax full costs in both Courts.

*David Fay* and —— ——, for plaintiff.

*Noah Smith* and *Chauncey Langdon,* for defendant.